Darren T. Brenner
Nevada Bar No. 8386
KLINEDINST PC
5940 South Rainbow Blvd.
Las Vegas, Nevada 89118
(702) 859-4000
dbrenner@klinedinstlaw.com

*Attorneys for Defendant*
*Hartford Insurance Company of the Midwest*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT HAMBLEN, an individual, and LESLIE R. BAKKE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>HARTFORD INSURANCE COMPANY OF THE MIDWEST, Does 1 through 10, inclusive,<br><br>Defendant. | Case No. 2:23-cv-01098-GMN-EYJ<br><br>**STIPULATION AND ORDER TO EXTEND THE CLOSE OF DISCOVERY, DISPOSITIVE MOTIONS DEADLINE, AND JOINT PRETRIAL ORDER DEADLINE**<br><br>**EIGHTH REQUEST** |

     IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiff Leslie R. Bakke, through her counsel of record, the law firm of Sidran Law Corp and Defendant Hartford Insurance Company of the Midwest, through its counsel of record, the law firm of KLINEDINST PC, that the discovery deadlines in this matter shall be extended ninety (90) days pursuant to LR 26-3. This is the Parties' eighth request for an extension of the discovery deadlines. The Parties set forth the following information in support of their stipulation.

/ / /

/ / /

/ / /

/ / /

1

# I.

# DISCOVERY COMPLETED TO DATE

### A. FRCP 26(a) Disclosures and Supplements

| Title | Date Served |
|---|---|
| Plaintiff's Initial Disclosure of Documents and Witnesses Pursuant to FRCP 26(a)(1) | September 28, 2023 |
| Hartford Insurance Company of the Midwest's Initial Disclosure of Witnesses and Documents Pursuant to FRCP Rule 26.1(a)(1) | September 14, 2023 |
| Hartford Insurance Company of the Midwest's First Supplemental Disclosure of Witnesses and Documents Pursuant to FRCP Rule 26.1(a)(1) | January 30, 2024 |
| Hartford Insurance Company of the Midwest's Second Supplemental Disclosure of Witnesses and Documents Pursuant to FRCP Rule 26.1(a)(1) | May 23, 2024 |
| Hartford Insurance Company of the Midwest's Third Supplemental Disclosure of Witnesses and Documents Pursuant to FRCP Rule 26.1(a)(1) | September 11, 2024 |
| Hartford Insurance Company of the Midwest's Fourth Supplemental Disclosure of Witnesses and Documents Pursuant to FRCP Rule 26.1(a)(1) | November 15, 2024 |
| Hartford Insurance Company of the Midwest's Fifth Supplemental Disclosure of Witnesses and Documents Pursuant to FRCP Rule 26.1(a)(1) | November 7, 2024 |
| Hartford Insurance Company of the Midwest's Initial Disclosure of Expert Witnesses | November 8, 2024 |
| Plaintiff Leslie Bakke's Initial Disclosure of Expert Witnesses | November 8, 2024 |
| Hartford Insurance Company of the Midwest's Rebuttal Expert Witnesses and Reports | December 18, 2024 |
| Plaintiff Leslie Bakke's Rebuttal Disclosure of Expert Witnesses | December 20, 2024 |
| Hartford Insurance Company of the Midwest's Sixth Supplemental Disclosure of Witnesses and Documents Pursuant to FRCP 26.1(a)(1) | January 29, 2025 |
| Plaintiff's First Supplemental Disclosure of Documents and Witnesses Pursuant to FRCP 26(a)(1) | February 21, 2025 |
| Plaintiff's Second Supplemental Disclosure of Documents and Documents Pursuant to FRCP 26(a)(1) | March 3, 2025 |
| Hartford Insurance Company of the Midwest's Seventh Supplemental Disclosure of Witnesses and Documents Pursuant to FRCP RULE 26.1(a)(1) | August 14, 2025 |

/ / /

/ / /

/ / /

2

**B. Written Discovery**

| Title | Date Served |
|---|---|
| Hartford Insurance Company of the Midwest's First Set of Interrogatories to Plaintiff | October 6, 2023 |
| Hartford Insurance Company of the Midwest's First Set of Requests for Admissions to Plaintiff | October 6, 2023 |
| Hartford Insurance Company of the Midwest's First Set of Requests for Production of Documents to Plaintiff | October 6, 2023 |
| Plaintiff's Responses to Hartford Insurance Company of the Midwest's First Set of Requests for Production of Documents to Plaintiff | December 22, 2023 |
| Plaintiff's Responses to Hartford Insurance Company of the Midwest's First Set of Requests for Admissions to Plaintiff | December 22, 2023 |
| Plaintiff's Responses to Hartford Insurance Company of the Midwest's First Set of Interrogatories to Plaintiff | December 22, 2023 |
| Plaintiff's First Set of Requests for Production of Documents to Defendant | August 26, 2024 |
| Plaintiff's First Set of Requests for Admissions to Defendant | August 26, 2024 |
| Plaintiff's First Set of Interrogatories to Defendant | August 26, 2024 |
| Defendant's Response to Plaintiff's First Set of Requests for Production of Documents to Defendant | October 15, 2024 |
| Defendant's Response to Plaintiff's First Set of Requests for Admissions to Defendant | October 15, 2024 |
| Defendant's Response to Plaintiff's First Set of Interrogatories to Defendant | October 15, 2024 |
| Defendant's Second Set of Requests for Admissions to Plaintiff | November 20, 2024 |
| Defendant's Second Set of Interrogatories to Plaintiff | November 20, 2024 |
| Defendant's Third Set of Requests for Admissions to Plaintiff | December 5, 2024 |
| Defendant's Third Set of Interrogatories to Plaintiff | December 5, 2024 |
| Bakke's Responses to Defendant's Second Set of Requests for Admissions | January 10, 2025 |
| Bakke's Responses to Defendant's Third Set of Interrogatories | January 10, 2025 |
| Bakke's Responses to Defendant's Third Set of Requests for Production of Documents | January 10, 2025 |

**C. Depositions**

| Deponent | Date |
|---|---|
| Plaintiff Leslie Bakke | January 31, 2024 |
| Robert Hamblen | January 27, 2025 |
| Hartford employee Michelle Burruel | January 30, 2025 |
| Hartford employee Will Shade | January 31, 2025 |
| Dr. Oliveri | September 29, 2025 |
| Hartford employee Veronica Garcia | November 4, 2025 |
| Hartford employee Nicole Richardson | November 4, 2025 |

3

| Claims handler Jim Wilson (Part 1) | November 7, 2025 |
| --- | --- |
| Claims handler Jim Wilson (Part 2) | To be determined |
| Innovative Pain Care Center - Michael Scott, P.A.-C (to be rescheduled per doctor's scheduling conflict) | November 17, 2025 |
| Stanford University Pain Management Center - Kristen Klepac MacKenzie, M.D. | To be determined |

### D. Subpoenas Issued and Records collected

| Subpoena | Date |
| --- | --- |
| Stanford Healthcare | January 4, 2024 |
| Deposition Subpoena to Innovative Pain Care Center - Michael Scott, P.A.-C | October 9, 2025 |
| Deposition subpoena to Stanford University Pain Management Center - Kristen Klepac MacKenzie, M.D. | October 9, 2025 |

### E. Expert Disclosure

| Initial Expert Disclosure | Date |
| --- | --- |
| Both Sides Served Initial Expert Disclosures | November 8, 2024 |
| Hartford Insurance Company of the Midwest's Rebuttal Expert Witnesses and Reports | December 18, 2024 |
| Plaintiff Leslie Bakke's Rebuttal Disclosure of Expert Witnesses | December 20, 2024 |

## II.

## DISCOVERY TO BE COMPLETED

1. Completion of the deposition of Hartford claim handler Jim Wilson (started but not finished).

2. Plaintiff will take the deposition of Defendant's medical expert, Dr. Fish.

3. Plaintiff will take the deposition of Defendant's claim handling expert, Mr. Titus

4. Defendant took the deposition of Plaintiff's medical expert, Dr. Oliveri September 29, 2025.

5. Defendant will take the deposition of Plaintiff's claim handling expert, Mr. Zalma.

6. Plaintiff will take part two of the deposition of Jim Wilson.

4

7.  Defendant will take the deposition of Plaintiff's treating provider, Michael Scott, P.A.-C.

8.  Defendant will take the deposition of Plaintiff's treating physician, Kristen Klepac MacKenzie, M.D, or another appropriate provider from Stanford.

9.  The parties will engage in additional written discovery and notice any additional depositions.

The parties anticipate that they may need to conduct other forms of discovery not specifically delineated herein on an as-needed basis. Therefore, the list outlined above is in not intended to be a comprehensive list of the outstanding discovery that remains to be completed.

### III.
### REASONS DISCOVERY WAS NOT COMPLETED WITHIN THE TIME LIMITS NEEDS TO BE EXTENDED

"[D]istrict courts . . . retain broad discretion to control their dockets . . . ." *Shahrokhi v. Harter*, No. 2:21-cv-01126-RFB-NJK, 2021 U.S. Dist. LEXIS 247936, at *4 (D. Nev. Dec. 30, 2021). To prevail on a request to extend discovery deadlines, the parties must establish good cause. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608-09 (9th Cir. 1992). "Good cause to extend a discovery deadline exists if it cannot reasonably be met despite the diligence of the party seeking the extension." *Las Vegas Skydiving Adventures LLC v. Groupon, Inc.*, No. 2:18-cv-02342-APG-VCF, 2020 U.S. Dist. LEXIS 166073, at *6 (D. Nev. Sep. 10, 2020) (internal quotations omitted). For the reasons set forth below, the parties respectfully submit that good cause supports their request for an extension of the close of discovery, dispositive motions deadline and joint pretrial order deadline.

This is an insurance coverage dispute. Plaintiff has a personal automobile policy with Hartford. When a dispute arose, Plaintiff filed claims for breach of contract and breach of the covenant of good faith and fair dealing (aka bad faith). Hartford disputes Plaintiff's allegations.

Plaintiff's case involves multiple incidents and multiple claims. Plaintiff was insured under an automobile policy issued by Hartford. Plaintiff had incidents in 2017 and 2018. Plaintiff claims the injuries in the 2018 incident are casually connected to the 2017 incident. Hartford opened up claims under the Medical Payments (Medpay) portion of the subject Policy for both incidents, and paid certain benefits. Plaintiff also pursued a claim for uninsured motorist (UM) benefits related to the

5

2017 accident. The policy includes up to $50,000 in Medpay benefits, $500,000 in underlying UM benefits, and a $1,000,000 UM umbrella. Plaintiff's policy also includes a $5,000,000 liability umbrella. At one point in time, there was some question whether the $5,000,000 liability umbrella limit should be extended to the UM umbrella.

Given the complexity of the issues and amounts at issue, the parties agreed at the inception of the case it would be productive to gather available outstanding records, consult with experts, and attempt to resolve the case. Plaintiff disclosed her providers early in the case, and provided releases for Hartford to obtain records. The parties also conducted discovery and worked through the issue of whether coverage under the liability umbrella should be the same for the UM umbrella. It took considerable time to gather available records. Plaintiff has disclosed approximately four dozen medical providers that rendered treatment over the years. Plaintiff's medical history is also complicated by prior surgeries, including a two level lumber fusion in 1999, and four level cervical laminectomy in 2009. In particular, the parties experienced considerable difficulty obtaining records from Plaintiff's treatment at Sandford University in California. It took several months of requests—and multiple discovery extensions—to obtain those records. Ultimately, Hartford was required to issue and pursue a subpoena. Once the records were gathered, the parties consulted experts, and ultimately participated in a mediation. Several discovery extensions were requested, and granted, to further the parties efforts to gather Plaintiff's medical records, consult with experts (which required obtaining the records first), and go to mediation.

Unfortunately, the parties were unable to resolve their dispute through the mediation. The parties have since been working cooperatively together to complete discovery. There were some additional delays because Hartford's counsel moved firms, which necessitated the last extension. In total, Plaintiff has taken the deposition of five Hartford claim handlers involved with the two Medpay and UM claims. On November 7, 2025, Plaintiff started the deposition of Jim Wilson, a supervisor involved with Plaintiff's UM claim. The deposition went longer than expected. The parties agreed to continue the completion of the deposition for another day.

Hartford has also been attempting to take the depositions of some of Plaintiff's providers. Because it is impractical to depose all of Plaintiff's providers, Hartford intended to start with the

deposition of one of the treaters at Stanford (Dr. MacKenzie) and Plaintiff's prior primary care physician (Dr. Welborn). Dr. MacKenzie's counsel objected to the subpoena, incorrectly believing it needed to be domesticated in California. Dr. MacKenize also had availability concerns. There were also issues the compensation, if any, Dr. MacKenize is entitled to receive for the deposition, and who was required to pay those expenses. While Hartford and Dr. MacKenize's counsel have generally worked those issues through, Stanford has recently suggested a different doctor, other than Dr. MacKenzie, is more appropriate for the deposition based on the triaged treatment Plaintiff received at Stanford. Hartford is open to the suggestion, but still analyzing the issue and consulting with Dr. MacKenzie's counsel.

Additionally, the efforts to depose Dr. Welborn did not come to fruition. Hartford recently learned that Dr. Welborn passed away. Hartford is now, instead, attempting to take the deposition of Dr. Welborn's physician's assistant, Michael Scott, PA-C. Mr. Scott's deposition was noticed for Mid-November. Prior to the deposition, Mr. Scott's office advised he was out of town and/or on vacation the date the deposition was set. Mr. Scott has also requested $1500/hour in compensation for his deposition, which Hartford believes is well in excess of the reasonable and customary amount for a physician's assistant to the extent any fee is justified. Hartford is attempting to informally resolve these issues with Mr. Scott and his office.

The parties also need to complete depositions of the experts. Hartford has taken the deposition of Plaintiff's medical expert, Dr. Oliveri. Hartford still needs to take the deposition of Plaintiff's claim handling experts. Plaintiff wishes to take the depositions of Hartford's medical expert, Dr. Fish, and Hartford's claim handling expert, Mr. Titus.

Currently, discovery closes on December 29, 2025. The parties agree that it is impractical to complete discovery by the current deadline. Particularly given the holidays. Additionally, both plaintiff's counsel and defense counsel have recently lost associates who were assigned, or to be assigned, to the files. This has added some additional complication while Plaintiff and Defendant's lead counsel have taken over full case handling responsibility. The parties recognize the Court has previously extended discovery several times, and indicated further requests for extension will be scrutinized for extraordinary and/or unusual circumstances  While there have been multiple prior

extensions, the parties respectfully submit that each has been supported by good cause. This is a complicated case with many moving parts. To date, the parties have cooperatively scheduled all discovery, and worked all discovery issues informally. The parties respectfully submit that this requested extension is mutually desirable, and reasonable under the specific circumstances of this case.

IV.

**PROPOSED SCHEDULE FOR COMPLETING DISCOVERY**

|  | Current Date | Proposed Date |
|---|---|---|
| Amend Pleadings and Add Parties: | Closed | |
| Initial Expert Disclosures: | Closed and Completed | |
| Rebuttal Expert Disclosures: | Closed and Completed | |
| Close of Discovery: | December 29, 2025 | March 27, 2026 |
| Dispositive Motions | January 28, 2026 | April 28, 2026 |
| Joint Pretrial Order | February 27, 2026 | May 28, 2026 |

DATED this 21st day of November, 2025.   DATED this 21st day of November, 2025.

/s/ *David R. Sidran*
DAVID R. SIDRAN, ESQ.
Nevada Bar No. 7517
SIDRAN LAW CORP
7251 West Lake Mead Boulevard, #300
Las Vegas, Nevada 89128
Attorney for Plaintiff,
LESLIE R. BAKKE

/s/ *Darren T. Brenner*
DARREN BRENNER, ESQ.
Nevada Bar No. 8386
KLINEDINST PC
8337 West Sunset Rd., #220
Las Vegas, NV 89113
Attorney for Defendant
HARTFORD INSURANCE COMPANY
OF THE MIDWEST

**ORDER**

**IT IS SO ORDERED; provided, however, that under only the most extraordinary, unforeseeable circumstances will any further extensions of discovery be granted.**

_____
UNITED STATES MAGISTRATE JUDGE

**Dated:  November 21, 2025**

30204342.1